DETERMINED IN THE

# FIRST DEPARTMENT

IN THE

## APPELLATE DIVISION,

### December, 1900.*

THOMAS J. BURTON, as Administrator, etc., of ELIZA J. BURTON, Deceased, Plaintiff, *v.* CHARLOTTE S. BURTON, as Executrix, etc., of J. CHARLES BURTON, Deceased, Defendant.

*Insurance policy — assignment of, to one " if living" — the words " if living" held to refer to the date of its maturity.*

Where a policy of insurance, payable in twenty years, or upon the death of the assured, one J. Charles Burton, is assigned by the beneficiary "to Lizzie J. Burton, wife of J. Charles Burton, if living; if not, then to J. Charles Burton;" and it appears that J. Charles Burton and Lizzie J. Burton were living together when the assignment was made, the words "if living" do not refer to the time when the assignment was made, but to the date of the maturity of the policy.

Under such an assignment, if Lizzie J. Burton predeceases J. Charles Burton, before the maturity of the policy by the death of J. Charles Burton or the lapse of twenty years, the policy on its maturity is payable to J. Charles Burton, or, if he be then dead, to his personal representatives.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Robert A. B. Dayton,* for the plaintiff.

*Newbold L. R. Edgar,* for the defendant.

O'BRIEN, J.:

On the 18th of May, 1888, J. Charles Burton assigned a policy of insurance of the Equitable Society which was payable in twenty

---

* The other cases of this term will be found in volume 55 App. Div.— [REP.

years or upon his death, to F. A. Wittrock, who, on the same day, transferred his rights therein by the following assignment :

" For one dollar to me in hand paid and for other valuable considerations (the receipt of which is hereby acknowledged) I hereby assign, transfer and set over all my right, title and interest in policy No. 387633 on the life of J. Charles Burton issued by The Equitable Life Assurance Society of the United States, and all money which may be payable under the same to Lizzie J. Burton, wife of J. Charles Burton, if living ; if not, then to J. Charles Burton, of New York City ; and for the consideration above expressed I do also for myself, my executors and administrators, guarantee the validity and sufficiency of the foregoing assignment to the above named assignee, her executors, administrators and assigns ; and their title to the said policy will forever warrant and defend.

" In witness whereof, I have hereunto set my hand and seal this eighteenth day of May, 1888.

" F. H. WITTROCK. [SEAL.]

" In presence of CHAS. BAUER."

Lizzie J. Burton died intestate on the 19th of December, 1891, leaving two children. J. Charles Burton died on the 14th of September, 1899, leaving a will in which he made the defendant, who was his second wife, executrix and residuary legatee of all his property, including life insurance policies.

The single question before us is whether the words " if living," in the assignment of the policy of insurance made by Wittrock to Lizzie J. Burton, had reference to the time when the assignment was made or to the time when the policy became payable, namely, in twenty years from the date of issue or at the death of J. Charles Burton. The evident purpose of the assignment from Burton to Wittrock was to give all interest in the policy to his wife ; and we may, therefore, consider the question presented as though the assignment was made directly from the husband to the wife.

We must legally presume from the fact that J. Charles Burton and Lizzie J. Burton were man and wife, and that they were living together when the assignment was made. Had it appeared that the husband had no knowledge of the whereabouts of his wife at the time of the assignment, there might be a question as to whether, by the words used, it was not intended to make an assignment of all

interest in the policy to Mrs. Burton " if living ; " if not living, then to Mr. Burton. In the absence of any such evidence, however, we must presume, as stated, that Mr. and Mrs. Burton were living together, from which the inference naturally flows that the words " if living " were intended to give Mrs. Burton the benefit of the policy " if living " when it matured, either at the end of twenty years or upon her husband's death. This view is strengthened by the language in both assignments — the one from Burton to Wittrock and the subsequent assignment by the latter — transferring not only " all my right, title and interest " in the policy, but also " all *money* which may be payable under the same."

It is urged that as all interest in the policy was given to Mr. Burton if his wife were not living, the words " if living " must refer to the time when the assignment was made, for otherwise, should the policy mature upon Mr. Burton's death and his wife had predeceased him, he, being dead, would not personally gain any advantage. Such an argument, of course, overlooks what is an important consideration, namely, that this policy would mature not only by death, but after the lapse of twenty years. As the husband was living with his wife when the assignments were made, and must have known at that time that she was living, the words in the Wittrock assignment " if living " would necessarily relate to the time when the policy was payable. If she died before such period her interest in the policy would go to her husband ; and if maturity resulted from the expiration of the twenty years, he personally would get the benefit. If it matured by reason of his death, his wife not being alive, the money would go to his personal representatives or to whoever he might designate.

The fact, therefore, that the policy might mature by the expiration of twenty years, if the husband lived so long, must be considered in determining what was the intention of the parties. Under such conditions, and considering the words " if living " as relating to the time of maturity, then in the event of the wife surviving her husband she would have, on his death, the money payable under the policy, and equally would she have it " if living " when the twenty years had passed. If she was not living at its maturity, however, the money payable under the policy would belong to the husband, if he was alive, and if he had **died** subse-

quent to his wife, the policy would be payable to his personal representatives.

For the reason, therefore, that in our view the words "if living" were intended to refer to the date of the maturity of the policy, which was fixed at the death of J. Charles Burton or upon the expiration of twenty years from the date of issue, we think the defendant is entitled to judgment, with costs. Judgment accordingly.

VAN BRUNT, P. J., RUMSEY, PATTERSON and McLAUGHLIN, JJ., concurred.

Judgment ordered for defendant, with costs.